IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MICKENS, | ) |
|             Petitioner, | ) |
| vs. | ) Case No. 2:12-cv-1039 |
| MICHAEL W. HARLOW; SUPERINTENDENT; and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, | ) Magistrate Judge Cynthia Reed Eddy |
|             Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed pre-service as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

### II. REPORT

In this action, Petitioner, Robert Mickens, a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 wherein he challenges his conviction of first degree murder and sentence of life imprisonment. For the reasons that follow, this Court must dismiss the Petition as it is without subject matter jurisdiction to review it.

1

## A. Rules Governing Habeas Corpus Cases under Section 2254

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). Rule 4 provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of state court records and/or state court opinions as well as its own court records. *See, e.g.,* Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998). *Cf.* Normand v. McAninch, 210 F.3d 372 (Table), 2000 WL 377348, *1 n.1 (6th Cir. 2000) ("Although Petitioner did not introduce the docket sheet as evidence, we note that we may take judicial notice of proceedings in other courts of record."); Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001).

## B. Relevant Procedural History

On May 11, 1995, following a jury trial held in the Court of Common Pleas in Allegheny County, Petitioner was found guilty of First Degree Murder, Criminal Conspiracy, and Violation

2

of the Uniform Firearms Act. On May 15, 1995, Petitioner was sentenced to the mandatory life sentence without parole for the First Degree Murder conviction; he received no further penalties for the remaining convictions. Petitioner filed a timely appeal and on May 14, 1997, the trial court issued its opinion denying the merits of Petitioner's points on appeal. The Superior Court affirmed the decision of the trial court on July 2, 1998. Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

On January 4, 1999, Petitioner, filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-9546. On April 26, 2000, Petitioner, through appointed counsel, filed an amended PCRA petition. On October 10, 2000, the PCRA Court dismissed Petitioner's PCRA petition. Petitioner filed a timely notice of appeal and on October 30, 2001 the Superior Court affirmed the decision of the PCRA Court dismissing Petitioner's PCRA petition. Petitioner's Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on March 28, 2002.

On June 13, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court (docketed at Mickens v. Johnson, No. 02-1064 (W.D. Pa), wherein he attacked his 1995 homicide conviction. On December 1, 2003, United States District Judge Arthur J. Schwab entered an Order denying the Petition on the merits and denying a certificate of appealability. On December 15, 2003, Petitioner filed a Notice of Appeal and an Application for Certificate of Appealability in the United States Court of Appeals for the Third Circuit, which was docketed at Civil No. 03-4771. On July 13, 2004, the Court of Appeals for the Third Circuit issued an Order denying Petitioner's request for a certificate of appealability.

On August 18, 2006, Petitioner filed a second PCRA Petition alleging after-discovered evidence of prosecutorial misconduct. On December 27, 2006, the PCRA Court dismissed his second PCRA Petition without a hearing. On December 27, 2007, the Superior Court of Pennsylvania affirmed the decision of the PCRA Court dismissing Petitioner's PCRA petition. Petitioner's Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on June 11, 2008.

On July 8, 2008, Petitioner filed another Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 08-950. On August 21, 2008, Magistrate Judge Amy Reynolds Hay issued a Report and Recommendation recommending that the Petition be dismissed *sua sponte* as a second or successive petition. On September 17, 2008, District Judge Arthur J. Schwab filed a Memorandum Order, which dismissed the petition as a successive petition. On October 24, 2008, Petitioner filed a Notice of Appeal and Application for Certificate of Appealability in the United States Court of Appeals for the Third Circuit, which was docketed at Civil No. 08-4009. On October 22, 2008, the Court of Appeals for the Third Circuit denied the request for a certificate of appealability holding as follows.

> The foregoing application under 18 U.S.C. § 2244 to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. Mickens has failed to meet the § 2244 standard for authorization to file a second or successive petition. Mickens has made no "prima facie showing" that his proposed § 2254 petition would rely on a "new rule of constitutional law." See 28 U.S.C. § 2244(b)(2)(A) and (b)(3)(C). Indeed, Mickens asserts claims that have been previously rejected by this Court. Further, neither of his claims is based on a Factual predicate that (1) "could not have been discovered previously through the exercise of due diligence"; and (2) "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244 (b)(l)(B)(t-il), and (b)(l)(C).

C. Second and Successive Habeas Petitions

On July 25, 2012, Petitioner filed his current Petition for Writ of Habeas Corpus in this Court. In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petitions. Because this Court determined that Petitioner's claims regarding his first degree murder conviction were without merit, his current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b)(3), which provides as follows.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Having decided that Petitioner's current motion should be treated as a second § 2254 petition, it must be dismissed as this Court does not have subject matter jurisdiction. *See* Burton v. Stewart, 549 U.S. 147 (2007) (holding that the District Court did not have jurisdiction to

entertain a successive petition because the court of appeals had not authorized the petitioner to file a successive habeas petition under 28 U.S.C. § 2244(b))._

### D. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that this is a successive Petition. Accordingly, there is no basis upon which to issue a certificate of appealability.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as a successive 2254 petition for which the Petitioner has not

6

demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

In accordance with the applicable provisions of the Magistrate Judges Act and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

_____
Cynthia Reed Eddy
United States Magistrate Judge

Dated: July 31, 2012

Robert Mickens
CT-7015
SCI Albion
10745 Route 18
Albion, PA 16475-0002