IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MICKENS,  )
                 )
     Petitioner, )
                 )
vs.              ) Civil No. 2: 12-01039
                 )
MICHAEL W. HARLOW; ) Judge Mark R. Hornak
SUPERINTENDENT; and THE )
ATTORNEY GENERAL OF THE )
COMMONWEALTH OF  )
PENNSYLVANIA,    )
                 )
     Respondents. )

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the "Fed.R.Civ.P. 60(b)(6)(2)(3)(d) Motion From a Judgement (sic) or Order," filed by Petitioner, Robert Mickens, ECF No. 16. For the reasons that follow, the motion will be denied.

### I.    Relevant Background

Petitioner, Robert Mickens (Mickens), is well known to this Court. For over a decade, Mickens has filed petitions for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 in which he challenges the judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County on May 15, 1995 at Criminal Docket Nos. CC 9415959 and 9502554.[1] A jury found Mickens guilty of First Degree Murder, Criminal Conspiracy, and

---

[1] At CC 199415959, Mickens was charged with one count of Criminal Homicide. At CC 199502554, Mickens was charged with one count each of Criminal Homicide, Criminal Conspiracy, and Violation of the Uniform Firearms Act: Firearms Not To Be Carried Without A License. Prior to trial, the charge of criminal homicide at CC 199502554 was withdrawn by the

1

Violation of the Uniform Firearms Act: Firearms Not to be Carried Without A License. At CC 199415959, First Degree Murder, he was sentenced to the mandatory life sentence without parole. At CC 199502554, Mickens received no further penalties.

Mickens commenced his first federal habeas corpus action in this Court on June 13, 2002, which was docketed at Civil Action No. 02-01064 (W.D. Pa) (the "2002 Petition"), wherein he attacked his 1995 homicide conviction. On December 1, 2003, United States District Judge Arthur J. Schwab denied the petition on the merits because Mickens had failed to show that the State Courts' adjudication of his claims was contrary to or an unreasonable application of then-extant United States Supreme Court precedent and denied a certificate of appealability. *See* Order of 12/3/2003, ECF No. 17, adopting Report and Recommendation, 10/6/2003, ECF No. 5. On July 13, 2004, the United States Court of Appeals for the Third Circuit denied Mickens's request for a certificate of appealability, ECF No. 19.

Four years later, on July 8, 2008, Mickens filed a second federal habeas corpus action in this Court, which was docketed at Civil Action No. 08-00950 (W.D. Pa) (the "2008 Petition"), in which he sought to raise new issues that were not raised in his 2002 petition, specifically, claiming that the Commonwealth had committed *Brady*[2] violations. On September 17, 2008, United States District Judge Arthur J. Schwab dismissed the petition for lack of subject matter jurisdiction as the Court of Appeals had not authorized Mickens to file a second or successive habeas petition under 28 U.S.C. § 2244(b). *See* Order of 09/17/08, ECF No. 7, adopting Report and Recommendation, 08/21/2008, ECF No. 5. On October 22, 2008, the United States Court of

---

Commonwealth. The remaining charges were joined for trial.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

Appeals for the Third Circuit denied Mickens's application to file a second or successive petition, ECF No. 8. Mickens's petition for rehearing *en banc* also was denied.[3]

Undeterred, four years later, on July 25, 2012, Mickens filed his third federal habeas corpus petition in this Court, which was docketed at Civil Action No. 12-01039 (W.D. Pa) (the "2012 Petition"). Yet again he sought to raise new issues that were not raised in his 2002 petition and for which he had not obtained precertification from the Court of Appeals. Specifically, relying upon *Martinez v. Ryan,* 566 U.S. 1 (2012), and *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), Mickens attempted to raise ineffective assistance of counsel claims and he reasserted his *Brady* violation claims. On August 20, 2012, I dismissed the petition as a second or successive § 2254 petition because Mickens had not demonstrated the necessary certification from the Court of Appeals. *See* Order of 8/20/2012, ECF No. 6, adopting Report and Recommendation, 07/31/2012, ECF No. 4. Mickens filed a Notice of Appeal with the Court of Appeals and contemporaneously filed with this Court a Motion to Resubmit Objections wherein he informed the Court that the Supplement, ECF No. 5, he filed on August 6, 2012, was an amendment to his Petition, not objections, which the Court had construed as objections. The Court of Appeals issued an Order staying the Appeal pending disposition of the post-decision motion before the District Court. Micken's Motion to Resubmit Objections was granted, Text Order of 9/24/2012, and I found, after *de novo* review of Micken's objections, that there was no basis upon which to reopen the case as the Court did not have subject matter jurisdiction because the Court of Appeals

---

[3] Over the years, Mickens has also filed two additional applications with the Court of Appeals for the Third Circuit requesting authorization to file a second or successive § 2254 petition, both are which were denied. Order of Nov. 4, 2011, C.A. No. 11-3586, ECF No. 16-27, and Order of Sept. 24, 2013, C.A. No. 13-3652, ECF No. 16-29.

had not authorized Mickens to file a successive habeas petition under 28 U.S.C. § 2244(b), ECF No. 12. Mickens filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit, ECF No. 13. On February 12, 2013, the United States Court of Appeals for the Third Circuit denied Mickens' request for a certificate of appealability, finding that "jurists of reason could not debate the correctness of the District Court's dismissal of Appellant's § 2254 petition as second or successive." ECF No. 15.

And now, continuing the quadrennial pattern, on February 21, 2017, Mickens filed the instant motion, which he purports to advance under Rule 60(b) of the Federal Rules of Civil Procedure, ECF No. 16.

## II.    Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

In the habeas context, a motion labeled as a Rule 60(b) motion should be treated as a second or successive petition if it "seeks to add a new ground for relief" from the underlying conviction or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. Conversely, said motion properly is treated as a Rule 60(b) motion when it "attacks, not the substance of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*; *see Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.").

4

Thus, the Court's first determination must be whether Mickens's motion constitutes a second or successive habeas petition or is a true Rule 60(b) motion. If I conclude that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. *Gonzalez*, 545 U.S. at 538. However, if I conclude that the motion is a true Rule 60(b) motion, the motion will be ruled upon without precertification by the Court of Appeals. *Id.* at 531-32.

### III. Discussion

In this motion, Mickens appears to be rehashing the same *Brady* claims that he raised in his 2008 and 2012 Petitions. Because those were new claims and because Mickens had not received prior authorization from the Court of Appeals to bring a second or successive petition, the Court did not review those claims on the merits, but rather dismissed both petitions for lack of subject matter jurisdiction.

Mickens now requests the Court to reopen his federal habeas proceeding and argues that he is entitled to pursue those same *Brady* claims in light of the decision of the United States Court of Appeals for the Third Circuit in *Dennis v. Secretary, Pennsylvania Department of Corrections*, 834 F.3d 263 (2016) (en banc). Mickens's motion is exactly the sort of motion the Supreme Court has stated is in actuality a second or successive petition. *Gonzalez*, 545 U.S. at 530-31. Accordingly, the Court holds that Mickens's motion should properly be treated as a second or successive § 2244 petition and not as a Rule 60(b) motion. And as such, this Court lacks jurisdiction to consider it in the absence of prior authorization by the Court of Appeals for the Third Circuit.

Further, it does not appear that Mickens's reliance on *Dennis* will aid in his attempt to persuade the Court of Appeals that he has made a "prima facie showing" that he should be authorized to file a second or successive petition. *See* 28 U.S.C. § 2244(3)(C). Mickens's assertion that *Dennis* changed the substantive law applicable to *Brady* claims is without merit. That case did not alter the application of *Brady*. As *Dennis* reiterated, the three elements necessary to prove a *Brady* claim remain unchanged:

> To prove a *Brady* violation, a defendant must show the evidence at issue meets three critical elements. First, the evidence "must be favorable to the accused, either because it is exculpatory, or because it is impeaching." Second, it "must have been suppressed by the State, either willfully or inadvertently." Third, the evidence must have been material such that prejudice resulted from its suppression.

*Dennis*, 834 F.3d at 284-85 (internal citations omitted). In addition, the holding of *Dennis* does not change the fact that the Superior Court of Pennsylvania affirmed the PCRA court's decision that Mickens had failed to establish his *Brady* claims because he had not demonstrated (1) that he was prejudiced by receiving incorrect information from the Commonwealth with regard to the victim's criminal record and (2) that the Commonwealth had withheld material exculpatory evidence regarding its witness, Theresa Somerville.[4]

Alternatively, Mickens fares no better even if the Court were to conclude that Mickens's motion should be treated as a true Rule 60(b) motion. Rule 60(b) provides a basis, but only a limited basis, for a party to seek relief from a final judgment or order. In *Gonzalez*, the Supreme Court stated,

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a <u>default judgment</u> mistakenly

---

[4] Mickens's entire motion is dedicated to identifying alleged infirmities in the PCRA court's Opinion of April 30, 20017, which denied his second PCRA petition, ECF No. 16-3.

6

> entered against them, *e,g,, Klapprott* [*v. United States*, [335 U.S. 601, 615 (1949)] 69 S.Ct. 384 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mine civil cases. The Rule also preserves parties' opportunity to obtain vacatur of a <u>judgment</u> that is void for lack of subject-matter jurisdiction-a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In some instances, we may note, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen a <u>habeas judgment</u> granting the writ. *See, e.g., Ritter v. Smith,* 811 F.2d 1398, 1400 (C.A.11 1987).

*Gonzalez,* 545 U.S. at 536 (emphasis added). Rule 60(b)'s "whole purpose is to make an exception to finality." *Id.* at 529. Mickens wants this Court to grant relief on the merits of his *Brady* claims; however, this Court has never considered the merits or entered judgment on Mickens's *Brady* claims. Therefore, Rule 60(b) is not the proper vehicle through which to seek to have this Court review his *Brady* claims.

### IV. Conclusion

For the foregoing reasons, Mickens' pending motion will be dismissed without prejudice. Reasonable jurists would all agree that Mickens has not even attempted to show that he obtained leave from the United States Court of Appeals for the Third Circuit to file the instant second-or-successive habeas corpus petition. Reasonable jurists would also agree that this Court lacks jurisdiction and authority to consider the successive habeas petition without proof of such leave. Because jurists of reason would not find debatable the Court's disposition of Mickens' motion – whether construed in whole or in part as a second or second successive habeas petition or a true

Rule 60(b) motion – a certificate of appealability will be denied. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: April 28, 2017

cc: Robert Mickens
CT-7015
SCI Albion
10745 Route 18
Albion, PA 16475-0002
(via Certified and U.S. First Class Mail)